# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

JOSIYAH MENO,

    Defendant(s).

2:11-CV-368 JCM (PAL)

# ORDER

Presently before the court is Magistrate Judge Leen's report and recommendation. (Doc. # 72). The United States filed a response concurring with the findings and recommendations within the report. (Doc. # 76).

Defendant Josiyah Meno was originally indicted on October 11, 2011, on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. # 1). Following a hearing, defendant was detained pending trial. (Doc. # 10). On February 23, 2012, the court granted an unopposed motion by the government for psychiatric or psychological evaluation. (Doc. # 24). At a competency hearing on July 19, 2012, counsel for both sides agreed that defendant was incompetent to stand trial. On August 1, 2012, Judge Leen ordered that defendant be committed to the custody of the attorney general for a period not to exceed four months in order to determine whether defendant had a substantial probability of attaining competency to stand trial. (Doc. # 46).

On April 5, 2013, the court ordered that Meno undergo an evaluation by a licensed certified psychiatrist in the district to determine whether his release would create a substantial risk of bodily

injury to another person or serious damage to another's property pursuant to 18 U.S.C. 4246 and 4247. Dr. Dodge Slagle evaluated defendant on April 19, 2013. In a report and subsequent addendum, Dr. Slagle concluded that it was his professional opinion to a degree of medical probability that defendant was not a danger to himself, others, or property.

Upon consideration of these facts and the relevant law, Judge Leen recommended that the indictment be dismissed, but that the order dismissing the indictment be stayed pending Meno's transfer to a federal medical center for a dangerousness evaluation pursuant to 18 U.S.C. § 4246. Judge Leen recommended that the dangerousness evaluation report contain an assessment of whether defendant is presently suffering from a mental disease or defect which, upon release, would create a substantial risk of bodily injury to another person or serious damage to the property of another.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party does not object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause to ADOPT the magistrate's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leen's report and recommendation (doc. # 72) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that defendant's motion for a hearing (Doc. # 77) be DENIED.

IT IS FURTHER ORDERED that the indictment against defendant (Doc. # 1) be DISMISSED solely for reasons related to defendant's mental condition.

IT IS FURTHER ORDERED that the order dismissing the indictment be STAYED while the facility director at FMC-Butner, or another federal medical center, has the opportunity to conduct a risk assessment of defendant and issue a dangerousness certificate pursuant to 18 U.S.C. § 4246, if appropriate.

IT IS FURTHER ORDERED that defendant be returned to FMC-Butner, or other federal medical center, for a period not to exceed forty-five days from the date defendant arrives, for a psychological and/or psychiatric assessment (dangerousness evaluation) under 18 U.S.C. § 4246.

IT IS FURTHER ORDERED that the psychiatric and/or psychological report (dangerousness evaluation) be filed with the court with copies provided for defendant's counsel and counsel for the government pursuant to 18 U.S.C. §§ 4247(c).

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 4247(c)(4)(C), the report shall contain an assessment of whether defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

IT IS FURTHER ORDERED that the trial of this case presently scheduled for Monday, November 18, 2013, and calendar call presently scheduled for Wednesday, November 13, 2013, are hereby VACATED and a status check hearing shall be scheduled for Monday January 6th, 2014, at 11:30 am.

1 | The additional time encompassed within this evaluation period is excludable in computing
2 | the time within which the trial in this case must commence pursuant to the Speedy Trial Act, Title
3 | 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States
4 | Code, Sections 3161(h)(7)(B)(I) and 3161(h)(7)(B)(iv).

DATED November 13, 2013.

_____
**UNITED STATES DISTRICT JUDGE**